# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONNA LEE WABBY and EDWARD WABBY, | : | No. 3:09cv2449 |
|---|---|---|
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STATE FARM MUT. AUTO. INS. CO., Defendant | : | |

## MEMORANDUM

Before the court is the plaintiffs' motion to join a party and to remand the case to state court. (Doc. 12). The motion has been briefed and is ripe for disposition.

## BACKGROUND

This case is a contract action brought by the plaintiffs against their uninsured motorist insurance carrier, Defendant State Farm Mutual Insurance Company ("State Farm"), relating to a traffic accident. (Complaint at ¶¶ 7, 14 (Doc. 1-3)). On September 17, 2007, Plaintiff Donna Lee Wabby was driving her Ford Explorer, stopped in traffic. (Id. at ¶ 6). David Zerby struck Wabby from behind with his motorcycle. (Id. at ¶ 7). Zerby, who resided in Schuylkill County, Pennsylvania, died the following day. (Id. at ¶ 3). Plaintiff Donna Lee Wabby alleges various injuries, medical costs, and economic losses stemming from the accident. (Id. at ¶¶ 17 to 23). Plaintiff Edward Wabby alleges loss of consortium because of the accident. (Id. at ¶ 25).

The plaintiffs filed a negligence action against Zerby's estate in Schuylkill County Court of Common Pleas on May 29, 2008, No. S-1607-2008. (Id. at ¶ 13). Approximately sixteen months later, on September 28, 2009, the plaintiffs filed a civil writ in the instant action against State Farm in Schuylkill County Court of Common Pleas. (Id. at ¶ 14). The plaintiffs' complaint, filed on November 16, 2009, sought the proceeds of their

uninsured motorist benefits under their policy as well as any damages permitted under Pennsylvania's "Bad Faith" statute, 42 PA. C.S.A. § 8371. (Compl. at ¶¶ A, B).

State Farm filed a notice of removal on December 11, 2009. (Doc. 1). State Farm answered the complaint on December 18, 2009. (Doc. 7). On December 21, 2009, this court approved the parties' stipulation dismissing plaintiffs' "allegations of Section 8371 Bad Faith, contractual allegations of bad faith, and all allegations of breach of duty of good faith and fair dealing," without prejudice. (Doc. 8). The plaintiffs filed the instant motion to join the estate of David Zerby and remand on January 7, 2010, bringing the case to its present posture. (Doc. 12).

**LEGAL STANDARD**

The court has removal jurisdiction over this case based on diversity. A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter. 28 U.S.C. § 1441(b). Pursuant to the diversity jurisdiction statute "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332. In this case, there is diversity of citizenship between the parties where the plaintiffs are citizens of Pennsylvania and State Farm is an Illinois corporation with a principal place of business in Illinois. (Notice of Removal at ¶¶ 2, 13). In addition, the amount in controversy exceeds the jurisdictional amount of $75,000.00. (Id. at ¶ 16).

The plaintiffs seek joinder of the estate of David Zerby, a non-diverse defendant, therefore we must analyze their motion under 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

joinder, or permit joinder and remand the action to the State court."). Thus, if we join the non-diverse defendant, we must remand the case to the state court. If we deny the motion to join, we retain jurisdiction over the case.

The United States Court of Appeals for the Third Circuit has not established how a district court should apply section 1447(e). Other districts of this court, however, have applied the Fifth Circuit's analysis in Hensgens v. Deere, Co., 833 F.2d 1179, 1182 (5th Cir. 1987), which balances "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." See e.g., Estate of Horvath v. Ciocca, No. 07-2685, 2008 WL 938927, at *3 (E.D. Pa. Apr.4, 2008) (applying Hensgens in granting leave to amend complaint to add non-diverse party); Kahhan v. Mass. Cas. Ins. Co., No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001) (applying Hensgens analysis in joining non-diverse party). Under this analysis, the district court should examine "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." Hensgens, 833 F.2d at 1182.

Finally, we note the general presumption in favor of state jurisdiction. Federal courts are courts of limited jurisdiction. Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). In the removal context, by analogy, removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

**DISCUSSION**

We will adopt the Fifth Circuit's approach to section 1447(e) and analyze the plaintiffs' motion to join and remand according to the four

3

factors described above. Because we find that the plaintiffs' intent in seeking joinder and remand is to reduce litigation costs and conserve judicial resources, rather than to prevent federal jurisdiction or to delay the case, we will grant plaintiffs' motion.

**1. Intent to Defeat Federal Jurisdiction**

The plaintiffs argue that they originally intended to consolidate the two state court actions but that State Farm removed this case before the plaintiffs could do so. The plaintiffs state that their intent in seeking remand is not to frustrate federal jurisdiction but to streamline the litigation relating to Donna Lee Wabby's accident. State Farm counters that because written discovery and some depositions have already been conducted in the state court action, there is no value to joining, and that the plaintiffs' true intention is to defeat federal jurisdiction.

Although some portion of discovery may have been completed in the state court negligence action, some depositions remain. Thus, there is an opportunity to avoid expense. In addition, expert reports have not yet been prepared and the deadline for dispositive motions is three months away in this case. Accordingly, we credit the plaintiffs' stated intention of avoiding duplicative litigation costs. We will not infer an intent to abuse jurisdictional procedures from the fact that some discovery has been conducted.

**2. Delay in Seeking Joinder**

The plaintiffs argue there was no significant delay because they commenced their suit against Zerby in May of 2008 and against State Farm in October of 2009. The defendants respond that there was a two-month period between the date the writ was filed against State Farm and the date that State Farm removed to this court. They note further that nearly a month passed after the filing of the complaint and their removal.

The relevant time period, in this analysis, is the delay in seeking to

add the non-diverse party. The complaint was filed against State Farm on November 16, 2009. State Farm filed a notice of removal on December 11, 2009. We find that this delay of less than one month weighs in favor of granting plaintiffs' motion to join and remand. Additionally, less than one month passed between State Farm's removal on December 11, 2009, and the plaintiffs' instant motion to join and remand on January 7, 2010. We find that such short periods of time corroborate the plaintiffs stated intention of streamlining the litigation process, and not frustrating federal jurisdiction.

### 3. Injury to Plaintiffs if Joinder is Denied

The plaintiffs argue that if joinder is not permitted, they will face duplicative litigation costs since the evidence and experts in each case are identical. State Farm does not dispute that the evidence will be identical or that parallel suits will generate duplicative costs, only that some of these duplicative costs have already been spent. Because the plaintiff faces at least some increase in litigation costs by parallel litigation, this factor weighs in favor of granting joinder and remanding.

### 4. Equitable Considerations

The plaintiffs argue that judicial efficiency, judicial economy, and comity militate in favor of remand. They note that parallel litigation in this court and state court will waste judicial resources. The defendants do not dispute that there will be a greater expenditure of judicial resources by allowing two actions to proceed, only that some judicial resources have already been duplicated. However, because this court can still avoid the waste of prospective judicial resources, we find that joinder and remand is more prudent.

**CONCLUSION**

Balancing the factors discussed above, we determine that joinder and remand is warranted. Accordingly, we will grant the plaintiffs motion to join the Estate of David Zerby and remand the case to state court. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DONNA LEE WABBY and EDWARD EDWARD WABBY, | : | No. 3:09cv2449 |
| --- | --- | --- |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STATE FARM MUT. AUTO. INS. CO., Defendant | : | |

## ORDER

**AND NOW**, to wit, this 27th day of April 2010, upon consideration of plaintiffs' motion to join the estate of David Zerby and remand (Doc. 12), it is HEREBY **ORDERED** that the motion is **GRANTED**. The estate of David Zerby is HEREBY **JOINED**. The case is HEREBY **REMANDED** to the Schuylkill County Court of Common Pleas.

The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY**
**United States District Court**